918 F.2d 225
 287 U.S.App.D.C. 19
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Warren D. McKAY, Appellee,
v.
Edna MAYRONNE, Appellant.
 No. 89-7283.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 21, 1990.
 
 Before WALD, Chief Judge, and D.H. GINSBURG and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was heard on an appeal from the United States District Court for the District of Columbia. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.R. 14(c). For the reasons set forth in the district court's oral opinion of November 22, 1989, and in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 It is FURTHER ORDERED that the clerk withhold issuance of the mandate until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b).
 
 MEMORANDUM
 
 4
 In this diversity action, plaintiff sought damages for burns he sustained while trying to dispose of a pan in which a fire had begun. After a non-jury trial, the district court, Lamberth, J., found for the plaintiff and defendant appealed. For the reasons set forth below, we affirm.
 
 
 5
 Warren McKay was visiting his fiancee at the home of her parents, Ferguise and Edna Mayronne. Mrs. Mayronne left a sauce pan, in which she was melting butter, unattended and the butter caught fire. After unsuccessful attempts to control the flames, Mr. Mayronne picked up the pan, which he had placed on the floor, and headed in the direction of the kitchen door. Unable to open the door, Mr. Mayronne handed the pan to McKay. When McKay opened the door, the fire flared up and he was severely burned.
 
 
 6
 McKay brought suit against both Mr. and Mrs. Mayronne to recover damages for his injuries. The district court dismissed the action against Mr. Mayronne. After a bench trial, the district court found that Mrs. Mayronne had been negligent in starting the fire and that McKay, acting in the face of an emergency, was attempting to safeguard the defendant's property. The court concluded that the defendant's negligence was the proximate cause of the plaintiff's injuries and awarded compensatory damages in the amount of $72,518.13.
 
 
 7
 The issue on appeal is whether the court erroneously applied the "rescue doctrine" to the facts of this case. Mrs. Mayronne argues that McKay was contributorily negligent or assumed the risk of injury when he voluntarily took the flaming pan and opened the door. The rescue doctrine, adopted by some courts, allows a plaintiff to recover even though he exposed himself to danger if he did so in an effort to rescue a person or property. Because the fire was not threatening physical harm to anyone, the question is whether contributory negligence will bar recovery when the plaintiff is injured while trying to save the property of another.
 
 
 8
 Since this is a diversity case, the district court was bound to apply the law of the District of Columbia. The court determined, and both parties agree, however, that there are no District of Columbia cases directly on point. Although this court has mentioned the rescue doctrine in the context of a plaintiff who was attempting to avert injury to others, Aylor v. Intercounty Constr. Corp., 381 F.2d 930, 934 n. 9 (D.C.Cir.1967), we cited no District of Columbia law in support of the doctrine. Having discovered no cases in this jurisdiction applying the doctrine to the protection of property alone, the district court properly looked to other authority to ascertain what rule the District of Columbia Court of Appeals would be most likely to adopt if it were to face the issue. See 19 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION Sec. 4507 (1982).
 
 
 9
 While acknowledging a split of authority on the question, the district court, referring to 91 A.L.R.3d 1202, ruled that the local court would probably allow recovery when a plaintiff is injured while trying to rescue the property of another, so long as the plaintiff acted reasonably. Noting that danger invites rescue, the court determined that this was the better reasoned rule. The court therefore decided that a defendant who negligently starts a fire runs the risk that someone will be injured while trying to protect property from the possible damage that the fire might cause. The plaintiff's injuries, the court concluded, were thus the proximate result of the defendant's negligence in starting the fire.
 
 
 10
 We find no basis for overturning the court's judgment. In addition to the authority relied upon by the court below, the Restatement of Torts provides: "It is not contributory negligence for a plaintiff to expose himself to danger in an effort to save himself or a third person, or the land or chattels of the plaintiff or a third person, from harm, unless the effort itself is an unreasonable one, or the plaintiff acts unreasonably in the course of it." RESTATEMENT (SECOND) OF TORTS Sec. 472 (1965).
 
 
 11
 Although the District of Columbia Court of Appeals might ultimately reject the application of the rescue doctrine to property alone, the district court properly decided, in the light of current authority, that the local court would reach the opposite conclusion. Furthermore, the district court's findings that, faced with an emergency, Mr. McKay's efforts were not unreasonable, and that he did not act unreasonably in carrying them out, are not clearly erroneous.
 
 
 12
 For the foregoing reasons, we affirm the district court's ruling and the award of damages to the plaintiff.